UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,        Criminal No. 05-373 (02)(RHK/FLN)

        Plaintiff,

**ORDER**

  v.

DIANE LYNN JIMENEZ,

        Defendant.

_____

      Based on the defendant's motion for a presentence psychological evaluation under 18 U.S.C. §3552(b); the government's objection to an order exceeding the scope of 18 U.S.C. §3552(c), addressing presentence psychiatric or psychological examinations; and this court's desire for more information as a basis for determining the mental condition of the defendant, **IT IS ORDERED** that:

      1.    The defendant's motion for a presentence psychological evaluation under 18 U.S.C. §3552(b) is **DENIED**.

      2.    A presentence psychiatric or psychological examination shall be conducted in accordance with the terms of 18 U.S.C. §3552(c), governing presentence psychiatric or psychological examinations and referencing 18 U.S.C. §4244(b), which in turn references 18 U.S.C. §4247(c).

3. The defendant is committed to the custody of the Attorney General for placement in a suitable facility for a reasonable period, not to exceed 30 days, for the conducting of a presentence psychiatric or psychological examination. The evaluation shall be conducted as soon as practicable within this time period. The director of the facility may apply for a reasonable extension, not to exceed 15 days, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

4. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

5. A written report detailing the examination shall submitted to the court and counsel for both parties no later than 15 days after the date on which the examination is completed.

6. The psychiatric or psychological examination conducted and the report generated pursuant to this Order shall address:

(1) the defendant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentencing.

7. The court finds that the interest in having the sentencing of the defendant informed by the presentence psychiatric or psychological examination described above

outweighs the best interests of the public and the defendant in a speedy trial, and that the delay that may result from this examination shall be excluded in computing the time within which the trial of this case must commence, pursuant to 18 U.S.C. 3161(h)(8)(A).

Dated: June 14, 2006

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge